UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14329-CIV-CANNON

STEVEN GREER,

      Plaintiff,

v.

HILTON WORLDWIDE HOLDINGS, INC., *et al.*,

      Defendants.

_____/

## ORDER DISMISSING COMPLAINT AND PERMITTING FINAL REPLEADING

**THIS CAUSE** comes before the Court upon the *pro se* Complaint filed by Plaintiff Steven Greer [ECF No. 1]. The Court has reviewed the filings and is otherwise fully advised in the premises. Upon review, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, with **one final opportunity** to file an amended pleading in accordance with this Order, on or before **October 9, 2025.**

\*\*\*

Plaintiff filed a five-count Complaint against seven Defendants on September 9, 2025 [ECF No. 1].[1] The Complaint alleges that Defendants committed a variety of torts under state law, including invasion of privacy, breach of contract, and negligent infliction of emotional distress, as well as federal civil racketeering [ECF No. 1]. The alleged torts arise out of an incident at an Ohio hotel where hotel employees allegedly entered Plaintiff's hotel room without his consent [ECF No. 1]. This Complaint is nearly identical to the one filed by Plaintiff Greer in *Greer v. Hoying*, No. 24-14258 (S.D. Fla. July 16, 2025), which the Court dismissed without prejudice for

---

[1] Plaintiff paid the filing fee and has not moved to proceed *in forma pauperis* [ECF No. 3].

lack of personal jurisdiction as to all Defendants.  The Court's Order made clear that it "expresses no opinion on the merits of Plaintiff's claims, which may be raised as permitted by law in a proper forum." *Id.* at * 9.

Now, Plaintiff's instant Complaint incorrectly purports to be "refiled per order by Judge Cannon" and "adds defendants located within the Southern District of Florida thus establishing personal jurisdiction that did not exist in the previous case" [ECF No. 1 p. 4].  Specifically, Plaintiff names three additional Defendants in this newest Complaint—Christopher Nassetta, Shaner Hotel Group, and Lisa Larson—who either reside in Ohio, Pennsylvania, or their residence is unclear based on Plaintiff's Complaint [ECF No. 1 pp. 6–8].  Even providing Plaintiff the latitude afforded to *pro se* litigants, the Complaint is due to be dismissed for the following reasons.

First, as was the case in his previous, nearly identical action, Plaintiff still has failed to establish that the Court has personal jurisdiction over Defendants Robert Hoying, Brent Crawford, and Noble Park Properties, LLC.  Plaintiff alleges no facts that would change the Court's previous conclusion that none of the aforementioned Defendants is subject to specific or general personal jurisdiction in Florida.  *See Greer*, No. 24-14258 at * 5–9.  Personal jurisdiction is determined as to each party individually; so merely adding additional defendants, as Plaintiff suggests, does not establish personal jurisdiction as to co-defendants where it is otherwise lacking.  The Court's Order Dismissing Plaintiff's prior case referenced his general ability to re-raise his claims in a proper forum as permitted by law; and it certainly did not "order" Plaintiff to refile his suit in this district, or any other district, as Plaintiff contends in his current Complaint [*see* ECF No. 1 p. 4].  Plaintiff's efforts to revive his claims against Defendants Robert Hoying, Brent Crawford, and Noble Park Properties, LLC in this forum fails.  Further, the Court expresses doubt that it has personal jurisdiction over the newly added Defendants either, which all appear, at least based on the facts

2

presented in Plaintiff's Complaint, to be far removed from the events in the Ohio hotel that form the basis for the action—and even farther from any events occurring the State of Florida.  Because "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)," Plaintiff's Complaint is dismissed without prejudice, with leave to replead. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

Second, the Complaint is an impermissible shotgun pleading because all counts apart from Count I adopt the allegations of the counts that precede it.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").  Counts Two through Five adopt all of the allegations that precede them, and therefore dismissal is proper on shotgun pleading grounds as well [ECF No. 1 pp. 38–49].

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. **Plaintiff is given one final opportunity to plead his claims in the form of an amended complaint, but any such amended complaint is due no later October 9, 2025, and must fully comply with this Order.**

3. Any amended complaint should be mindful of the requirements of personal jurisdiction and refrain from naming defendants who are not subject to personal jurisdiction in Florida.

CASE NO. 25-14329-CIV-CANNON

4. Further, any amended complaint must clearly set forth the allegations supporting each claim for relief; separate each cause of action or claim for relief into a different count (identifying clearly who is being sued in which count); clearly identify the legal basis underlying each count asserted; and clearly and specifically identify which defendant is responsible for which acts or omissions. **The amended complaint must not contain any successive counts that incorporate all prior allegations**.

5. **Failure to submit a timely amended complaint that complies with these requirements will result in dismissal without further notice.**

6. The Clerk shall **MAIL** Plaintiff a copy of this Order at the address listed below.

**ORDERED** in Chambers in Fort Pierce, Florida, this 16th day of September 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   Steven Greer
      steve@greerjournal.com
      600 W. Hillsboro Blvd.
      Deerfield Beach, Florida 33441

4